## DIXON *vs.* LAWSON *et al.*

The setting apart of a homestead under the constitution and act of 1868, even though subsequently confirmed in the bankrupt court, does not protect property from a judgment rendered prior both to the adoption of the constitution of 1868 providing for such homestead and the passage of the bankrupt law of the United States.

Homestead. Bankrupt. Judgments. Before Judge CRISP. Macon Superior Court. May Term, 1880.

Reported in the opinion.

THOMAS P. LLOYD, for plaintiff in error.

No appearance for defendants.

HAWKINS, Justice.

Plaintiffs in execution obtained a judgment at common law at the March term of Macon superior court, 1869,

upon a promissory note dated and made on the seventeenth day of March, 1861. The *fi. fa.* was levied on certain lands and a claim interposed by Matilda Dixon, the widow of said defendant in *fi. fa.*

On the trial of the claim it was agreed that the defendant, in his life time, to-wit : on the eighteenth day of March, 1870, had set apart to him a homestead in the lands levied on, and that in 1873 said defendant was adjudged a bankrupt, and the same lands were allowed him as his exemption in bankruptcy. It does not appear whether the wife and minor children were represented in the bankrupt court concerning the exemption allowed the husband in the same lands that had been set apart to the family in 1870, nor whether she claimed under the homestead laws of Georgia, or under the bankrupt law. The court, on the agreed facts, the case being tried before the judge without a jury, decided the property subject to the execution, and claimant excepted, and this is the complaint.

The contract being in existence prior to the homestead laws of Georgia, and the existence of the bankrupt law, the property was clearly subject to the lien of the judgment had thereon in 1869.

The case of *Bush vs. Lester et al., adm'rs*, 55 *Ga.*, 579, and cases therein cited, must control this case.

Judgment affirmed.